Dear Mayor Mount:
This office is in receipt of your request for an opinion of the Attorney General in regard to the payments made into the retirement fund for the Ward Three City Marshal. You indicate that in accordance with R.S. 13:1883 the City of Lake Charles along with the Parish of Calcasieu pays the Ward Three City Marshal an annual salary of $15,000.00, a portion of which is withheld by the City and placed into the Municipal Employees' Retirement System. The Ward Three Marshal is paid by the Fourteenth Judicial District Clerk of Court the same fees payable to constables of the justice of peace courts as set forth in R.S.33:1704, but the Clerk of Court does not place any portion of the fees into a retirement fund.
Based upon your recited facts, you ask the following questions:
 1. May the Fourteenth Judicial District Clerk of Court pay the fees due the Ward Three Marshal under R.S. 33:1704 to the City of Lake Charles?
 2. May the City of Lake Charles withhold a portion of these fees for the Ward Three Marshal's retirement fund, and pay the remaining fees to the Ward Three Marshal?
We find in Title 11, Consolidated Public Retirement Systems, Chapter IV, Municipal and Parish Systems, that it is provided in regard to the Municipal Employees' Retirement System that under Plan A and B, R.S. 11:1786 and R.S. 11:1806, each member shall contribute the designated percentage "of his monthly earnings
from each and every payment of earnings". In R.S. 11:1732 the definitions are set forth as used in the Chapter, and provides in paragraph 12 as follows:
 "Earnings" means the full amount of compensation earned by a member for service rendered as an employee, excluding bonuses or fees in excess of regular salary or retainer, overtime pay, or payments relative to termination of employment including, but not limited to, accrued sick or annual leave and severance pay.
We find that employee contributions to the municipal retirement system are based upon "monthly earnings". In accordance with the definition of "earnings" in R.S. 11:1732(12), neither the Clerk of Court nor the City of Lake Charles would have authority to place into the municipal retirement fund any portion of the fees paid to the City Marshal under R.S. 33:1704 and thereby pay only the remaining portion of the fees to the Marshal. By statutory definition "earnings" do not include fees in excess of a regular salary, and we believe to have these fees included in earnings for a percentage contribution to the retirement system would require legislative amendment to the definition of "earnings" as set forth in R.S. 11:1732(12).
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR